**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

$\qquad$ *Plaintiff-Appellee,*

v.

GREGORY BUTLER,

$\qquad$ *Defendant-Appellant.*

No. 02-4797

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-161-AW)

Submitted: March 10, 2003

Decided: April 1, 2003

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Fred Warren Bennett, Booth Marcus Ripke, BENNETT &
NATHANS, L.L.P., Greenbelt, Maryland, for Appellant. Thomas M.
DiBiagio, United States Attorney, James M. Trusty, Assistant United
States Attorney, Stephanie A. Gallagher, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Butler appeals his conviction and sixty-three month sentence following a jury trial on charges of participating in a conspiracy to distribute marijuana. *See* 21 U.S.C. § 846 (2000). Butler challenges three separate evidentiary rulings by the district court as individually and cumulatively prejudicial. For the following reasons, we affirm.

This Court reviews a district court's decision concerning the admissibility of evidence for an abuse of discretion and will not find an abuse unless a decision was "arbitrary and irrational." *United States v. Weaver*, 282 F.3d 302, 313 (4th Cir.), *cert. denied*, 123 S. Ct. 186 (2002). The district court is afforded wide discretion in "determining whether evidence is unduly prejudicial." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996).

Butler's first challenge, concerning the testimony of Dwayne McCallum[1] and Special Agent David Buckel of the Drug Enforcement Agency, is unpersuasive. Butler challenges their testimony regarding a post-conspiracy drug sting in which McCallum introduced Agent Buckel to his suppliers in the conspiracy as "Greg Butler" as prejudicial. However, the prosecution is entitled to introduce evidence of uncharged criminal conduct to the extent it is probative; e.g., "where it 'furnishes part of the context of the crime.'" *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). Testimony from Buckel and McCallum provided evidence of Butler's awareness of the conspiracy and that it was supplied through McCallum's connections, who acknowledged his name and thus were inferentially aware of his participation in the conspiracy. Further, based on the district court's cura-

_____

[1]Although Butler's brief refers to McCallum as "McCullam," because the trial transcript identifies the witness as McCallum, we adopt that spelling.

tive instruction and because Fed. R. Evid. 608(b) "should not be read so broadly as to disallow the presentation of extrinsic evidence that is probative of a material issue in a case," *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 531 (4th Cir. 1985), we find no error in the admission of this testimony.

We find Butler's challenge to Agent Buckel's testimony on cross-examination as impermissible vouching to be specious. While the United States may not vouch for the credibility or trustworthiness of one of its witnesses, or elicit testimony to that effect, *United States v. Lewis*, 10 F.3d 1086, 1088-89 (4th Cir. 1993), Buckel did not opine as to McCallum's credibility, and the United States did not offer the testimony. *See United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). Furthermore, even if the statement was improper, the fact that Butler's counsel invited the error forecloses review. *See Joseph v. Angelone*, 184 F.3d 320, 329 (4th Cir. 1999) (applying invited error doctrine to statements elicited during cross-examination).

Finally, we find no abuse of discretion in the district court's decision to limit Butler's cross-examination. *See United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997) (providing standard of review). A defendant has a right under the Sixth Amendment to cross-examine witnesses who are cooperating with the United States about potential sources of bias. *Id.* However, the court retains the discretion to place reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion, repetition, or relevance. *Delware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). Butler's counsel had already obtained McCallum's admission to a past affiliation with a motorcycle gang, and his proffer failed to suggest either that McCallum was lying about no longer being a member of the gang or that McCallum, as a past or current member, would be likely to falsely accuse Butler. In light of that proffer, the district court properly prohibited further questioning regarding this wholly unsupported theory of bias.

Accordingly, because we find no error in any of the district court's decisions,[2] we affirm Butler's conviction. Further, as we have dis-

---

[2]To the extent Butler alleges cumulative error, a cumulative error analysis applies only when there are two or more actual errors; it does not apply to the cumulative effect of non-errors. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).

pensed with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process, we therefore deny Butler's motion for oral argument.

*AFFIRMED*